**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BELIZE SOCIAL DEVELOPMENT LIMITED, | ) ) ) ) |
| Petitioner, | ) ) Case No. 1:09-CV-02170-RJL |
| v. | ) ) |
| THE GOVERNMENT OF BELIZE, | ) ) ) |
| Respondent. | ) ) |

**PETITIONER'S MOTION TO CLARIFY THE**
**JUNE 21, 2010 MINUTE ORDER TO ENSURE A FAIR HEARING**

Petitioner Belize Social Development Limited ("Petitioner" or "BSDL") submits this motion to clarify the Court's June 21, 2010 Minute Order (the "Minute Order"). As a result of the actions taken by Respondent, it appears that it is impossible for Petitioner's counsel to comply with the Court's April 14, 2010 Scheduling Order (the "Scheduling Order"). As described herein, two days after Respondent filed its motion to stay or dismiss this proceeding, Respondent enacted a new criminal law that purports to make it a criminal offense for Petitioner and its counsel to file papers in this Court in support of the pending petition and in response to Respondent's motion. The effect of this is to deny Petitioner its right to a fair hearing. Petitioner seeks clarification of the Minute Order so that it can be fully and fairly heard on the merits of this dispute.

1. On November 17, 2009, Petitioner commenced this proceeding to confirm and enforce the monetary portion of a foreign arbitration award (the "Final Award") pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, and Article III of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958.

2.      In its papers, Petitioner pointed out that there were press reports that Respondent had filed litigation in Belize seeking an injunction against enforcement of the Final Award, notwithstanding that Belize was not the seat or legal place of arbitration and that the Final Award was rendered under English law.  *See* Petitioner's Memorandum of Points and Authorities in Support of Petition to Confirm Arbitration Award and Enter Judgment (Docket Entry 1) at 11. Petitioner further pointed out that it had not been served with process in any Belize proceeding. *Id.* at 11, 17-19.  Petitioner noted that "BSDL is a company incorporated in the British Virgin Islands, with its registered place of business in the British Virgin Islands" and that "BSDL has not been served with process in the Belize proceedings."  *Id*. at 19.  As a result, "any order from a court in Belize purporting to bind BSDL would fail to satisfy basic principles of due process." *Id.* (citing Restatement (Third) of the Foreign Relations Law of the United States § 482 (1987) (setting forth the proper due process standard for the enforcement of foreign judgments); Restatement (Second) of Conflict of Laws § 92 (1971)).  Respondent has never responded to this fundamental issue that the Belize courts did not have jurisdiction to enjoin BSDL from seeking to enforce the Final Award in this Court.

3.      On January 22, 2010, Petitioner and Respondent submitted a joint motion to extend the time for Respondent to respond to the petition until March 29, 2010.  The Court granted this motion.

4.      On March 29, 2010, Respondent filed the following papers: (a) Motion to Stay Action or, in the Alternative, Dismiss Petition; (b) Preliminary Response to Petition; (c) Motion to Bifurcate.

5.     Two days later, on March 31, 2010, Respondent enacted a new law that purports to make it a criminal offense in Belize for Petitioner and its counsel to file papers in this Court in support of the pending petition.

a.     The new Belize criminal law was enacted as an amendment to the Belize Supreme Court of Judicature Act, Chapter 91 of the Laws of Belize, "to strengthen the provisions relating to contempt of court; and to provide for matters connected therewith or incidental thereto."  A copy of this new Belize criminal law is attached as Exhibit A.

b.     The new Belize criminal law purports to make it a criminal offense, punishable by fines and imprisonment, to "disobey[] or fail[] to comply with an injunction, or order in the nature of an injunction" issued by the Supreme Court of Belize (whether such injunction was issued before or after the new Belize legislation).  Exh. A at 308 (Section 106A(1)).

c.     The new Belize criminal law makes such offenses punishable by fines and/or imprisonment "for a term which shall not be less than five years but which may extend to ten years." *Id.* at 309 (Section 106A(3)).  The law purports to apply regardless of whether such injunction was issued before or after the new Belize criminal law, and therefore presumably would apply to the purported injunction that Respondent has asserted was issued by a Belize court against BSDL.

d.     The new Belize criminal law purports to make it a criminal offense if any person, whether in Belize or elsewhere, directly or indirectly "instigates, commands, counsels, procures, solicits, advises or in any manner whatsoever aids, facilitates, or encourages" violation of an injunction or similar order issued by the Supreme Court of Belize.  *Id.* (Section 106A(4)). The penalties for "abetting the said offence shall be punished in like manner" (fines and/or

imprisonment).  *Id.* at 310 (Section 106A(4)).  It appears that the new Belize criminal law purports to apply to BSDL's attorneys appearing before this Court in this proceeding.

        e.      Offenses set forth in the new Belize criminal law "shall be investigated, tried, judged and punished by the [Belize] Court," regardless of whether they occurred in Belize or in any other territorial jurisdiction, or whether or not the alleged offender was present in Belize or elsewhere.  *Id.* (Section 106A(6)).  Additionally, offenses may be tried in the absence of the accused.

      6.      On April 13, 2010, Petitioner and Respondent submitted a joint motion for an extension of time for Petitioner to file its reply and/or opposition papers with respect to (1) Petition to Confirm Foreign Arbitration Award; (2) Motion to Stay/Dismiss Petition, and (3) Motion to Bifurcate.  (Docket Entry 18)  Counsel for Respondent stated in the Joint Motion for Extension of Time that the Government of Belize "in no way consents to the continued prosecution of this Petition, does not waive its sovereign rights and obligations to fully enforce its laws, including but not limited to" the new Belize criminal law.  *Id.* ¶ 6.

      7.      The Court granted the requested schedule on April 14, 2010.  Pursuant to the Scheduling Order, Petitioner's reply and/or opposition papers were due by May 28, 2010.

      8.      In Respondent's submissions filed on March 29, 2010, Respondent submitted a declaration of a Belize attorney regarding the judicial proceedings commenced by Respondent in Belize.  *See* Declaration of Michael C. Young (Docket Entry 15-3 and Docket Entry 16-3) (identical declaration of Michael C. Young submitted in support of Respondent's motion to stay or dismiss (Docket Entry 15) and Respondent's response to the petition (Docket Entry 16).

      9.      In order to respond to the issues raised by the declaration of Respondent's Belize attorney, Petitioner sought the assistance of Belize counsel.  On May 14, 2010, Petitioner was

informed by Belize counsel that he could not provide any assistance in this proceeding.  The letter states: "Unfortunately, based on legal advice that I have received from counsel in Belize regarding Act No. 18 of 2010, Supreme Court of Judicature (Amendment) Act, 2010 [the new Belize criminal law], I am not in a position to provide a witness declaration in the above-referenced proceeding."

10.     Petitioner has responses to all of Respondent's arguments that would establish that this case should not be stayed or dismissed.  However, Respondent has taken the position that any filing by Petitioner and/or its counsel on the merits of the pending dispute may be deemed a violation of the new Belize criminal law.  If Petitioner's counsel were to go forward and submit such papers before this Court, the dangers posed to Petitioner and its counsel include the possible risk of criminal prosecution and a request for extradition to Belize.[1]

11.     In light of the extraordinary circumstances created by the new Belize criminal law, and so as not to risk placing the Petitioner and/or its counsel in possible violation of this new criminal law, on May 25, 2010, Petitioner filed a Motion to Suspend the April 14, 2010 Scheduling Order and for a Status Conference.

12.     The Court denied Petitioner's motion to suspend the scheduling order and for a status conference on June 21, 2010 in the Minute Order.

13.     Petitioner respectfully requests that the Court clarify the Minute Order to address the following issues that could have been discussed at a status conference:

(a)     If Respondent continues to threaten criminal action against Petitioner and/or its counsel if they address the merits of the dispute before this Court, Respondent's

---

[1] The United States has an extradition treaty with Belize.  *See* Extradition Treaty Between the Government of the United States of America and the Government of Belize, dated July 27, 2000.

conduct will have its intended effect of preventing Petitioner's counsel from representing Petitioner with respect to the merits of the dispute in this proceeding, because to do so would risk placing Petitioner's counsel in possible violation of the new criminal law.  The inescapable impact of this would be that Petitioner is denied due process.  However, if Respondent is willing to represent to this Court that the new Belize criminal law will not apply to the filing of papers and oral advocacy on the merits by Petitioner's counsel before this Court, then Petitioner's counsel can carry out its role and is prepared to file papers addressing all the alleged defenses and arguments asserted by Respondent.

(b)     If Respondent refuses to represent to this Court that the new Belize criminal law will not apply to the filing of papers and oral advocacy on the merits of the pending dispute by Petitioner's counsel before this Court, then Petitioner should be given the opportunity to seek counsel who may be able to now undertake representation of Petitioner in this proceeding in light of the extraordinary circumstances.

14.     Accordingly, Petitioner respectfully requests that the Court clarify the Minute Order to ensure Petitioner an opportunity for a full and fair hearing on the merits of the pending dispute.

Dated:  June 24, 2010                          Respectfully submitted,


  /s/ Joseph S. Hall
Joseph S. Hall (D.C. Bar No. 475057)
KELLOG, HUBER, HANSEN, TODD,
EVANS & FIGEL P.L.L.C.
1615 M Street, N.W., Suite 400
Washington D.C. 20036
Telephone:  (202) 326-7900
Fax:  (202) 326-7999
jhall@khhte.com

Louis B. Kimmelman (admitted pro hac vice)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Fax: (212) 610-6399
benno.kimmelman@allenovery.com

Counsel for Petitioner
BELIZE SOCIAL DEVELOPMENT LIMITED

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2010, I caused to be filed electronically the foregoing Motion to Clarify the June 21, 2010 Minute Order to Ensure a Fair Hearing with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system and accomplished service via the same.

/s/ Joseph S. Hall
Joseph S. Hall