## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BELIZE SOCIAL DEVELOPMENT LIMITED, | ) ) ) | |
| Petitioner, | ) ) | Case No. 1:09-CV-02170-RJL |
| v. | ) ) ) | |
| THE GOVERNMENT OF BELIZE, | ) ) | |
| Respondent. | ) ) ) | |

## PETITIONER'S REPLY IN SUPPORT OF IT MOTION TO CLARIFY THE JUNE 21, 2010 MINUTE ORDER TO ENSURE A FAIR HEARING

Petitioner Belize Social Development Limited ("Petitioner" or "BSDL") submits this reply in support of its Motion to Clarify the June 21, 2010 Minute Order to Ensure a Fair Hearing (the "Motion to Clarify").

1.      Respondent incorrectly argues that the Motion to Clarify "is nothing more that an improper motion for reconsideration" of Petitioner's prior Motion to Suspend the April 14, 2010 Scheduling Order and for a Status Conference (the "Motion to Suspend").  (Opposition at 1)  The Motion to Clarify does not seek reconsideration of either the Court's refusal to suspend the April 14, 2010 Scheduling Order or the Court's refusal to schedule a status conference.  Rather, the Motion to Clarify addresses the Court's June 21, 2010 Minute Order ("Minute Order").  That Minute Order does not provide any reasons for the Court's decision, which leaves it unclear how this proceeding can continue consistent with due process.  Petitioner has sought, and is entitled to, clarification of the Minute Order so that Petitioner can enforce its rights and seek, if necessary, new counsel.

2.      Petitioner filed this Motion to Clarify (and the prior Motion to Suspend) because of the unusual events in this case and the threat that Respondent may attempt to prosecute

Petitioner's counsel for representing Petitioner in this Court.  It has been, and is, Petitioner's position that this proceeding to enforce an international arbitration award does not violate any valid and enforceable foreign injunction.  Furthermore, it has been, and is, Petitioner's position that the actions of its counsel in this Court to address the arguments that have been advanced by Respondent do not, and cannot, constitute violations of any valid and enforceable foreign criminal statute.  For this Court to accord deference to a purported foreign injunction that is invalid or to accord respect to a new foreign law that purports to criminalize advocacy in this Court would result in a denial of due process.  Petitioner therefore is entitled to clarification of the Minute Order so that Petitioner can enforce its rights and seek, if necessary, new counsel.

       3.     Respondent makes several factual statements in opposition to the Motion to Clarify that are simply incorrect.

      **(a)    There is no prior judicial proceeding currently pending between Respondent and Petitioner in Belize.**

Respondent states that "[t]here is a prior judicial proceeding between [Respondent and Petitioner] currently pending in Belize regarding the enforceability of the subject arbitration award" and the Petitioner "filed this action in violation of the Belize Supreme Court's injunction order." (Opposition at 2)  Both statements are incorrect.

In commencing this proceeding in November 2009, Petitioner filed a sworn statement that BSDL "is a company incorporated in the British Virgin Islands, with its registered place of business in the British Virgin Islands;" that Petitioner has not commenced any other proceeding to enforce the foreign arbitration award that is the subject of this proceeding; and that Petitioner "has not been served with process in the Belize proceedings" commenced by Respondent. *See* Petitioner's Memorandum of Points and Authorities in Support of Petition to Confirm

Arbitration Award and Enter Judgment (Docket Entry 1) at 19.  Respondent has not controverted this evidence.

Respondent has also failed to establish that the Belize court had personal jurisdiction over Petitioner at the time it purported to issue an anti-suit injunction.  It is a basic principle of United States law that courts only have the power to enjoin "***those subject to their personal jurisdiction*** from pursuing litigation before foreign tribunals."  *Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*, 361 F.3d 11, 16 (1st Cir. 2004) (emphasis added) (citations omitted).  *See also Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 922 (D.C. Cir. 1984) ("Prescriptive jurisdiction is activated ***only when there is personal jurisdiction***, often referred to as 'jurisdiction to adjudicate.'") (emphasis added).  ***"Injunctions operate only on the parties within the personal jurisdiction of the courts."***  *Laker Airways*, 731 F.2d at 924.  Nor can a United States court defer or grant respect to a foreign injunction that is based on a lack of jurisdiction and a denial of due process.  *See* Restatement (Third) of the Foreign Relations Law of the United States § 482 (1987) (setting forth the proper due process standard for the enforcement of foreign judgments); Restatement (Second) of Conflict of Laws § 92 (1971).

The record demonstrates that there is no legitimate legal proceeding pending against Petitioner in Belize and that the Belize court had no jurisdiction to issue an anti-suit injunction against Petitioner.

### (b)    The Belize new criminal law is extraordinary

Respondent asserts that there is nothing extraordinary about the new Belize criminal law, wrongly suggesting that the new Belize penal provision is no different than the United States criminal contempt statute, 18 U.S.C. § 401(3).  In fact, the differences are dramatic.

First, the new Belize criminal law is retroactive ("this section shall have effect regardless of whether the injunction referred to in this section was issued before or after the commencement of this Act"); the United States statute is not retroactive.

Second, the new Belize criminal law is extraterritorial in effect ("the offenses created by this section shall be investigated, tried, judged and punished by the Court regardless of whether the offences occurred in Belize or in any other territorial jurisdiction, or whether or not the offender was present in Belize or elsewhere)."  The United States statute is not extraterritorial.

Third, the new Belize criminal law permits a person to be tried *in absentia* ("[a] person charged with an offence under this section may be tried in his absence").  The United States statute does not.

Fourth, the new Belize criminal law permits notice of the alleged criminal violation to be served by publication (notice may be served "by a notice in the Belize Gazette").  The United States statute does not permit notice by publication.

Fifth, the new Belize criminal law purports to criminalize the violation of any injunction ("every person, whether in Belize or elsewhere, who disobeys or fails to comply with an injunction").  By contrast, the United States statute expressly applies only to a court's "lawful" orders.

Sixth, the new Belize criminal law was enacted on March 31, 2010 (two days after Respondent filed its motion to dismiss).  The United States statute is derived from a law enacted in 1875.

In sum, to characterize the new Belize criminal statute as extraordinary and directed at the litigation of this case is an understatement.  Respondent has offered no reason why it suddenly enacted a retroactive and extraterritorial penal law ***two days after the Respondent filed***

*its motion to dismiss this proceeding*.   The new statute appears to have no other purpose than to prevent Petitioner and its counsel from opposing the arguments made by Respondent in this Court.

(c)        <b>Respondent claims its motion to dismiss is "unopposed"</b>

Respondent refuses to state whether it will prosecute Petitioner's counsel under the new Belize criminal law for litigating the issues in dispute in this Court.   Consequently, Petitioner's counsel cannot continue to represent Petitioner in these proceedings without running the risk that Petitioner's counsel may be found by the Belize courts "*in absentia*" to be in violation of the new criminal statute and therefore at risk of fines and imprisonment.   Respondent maintains this threat of criminal prosecution while at the same time asserting that Respondent's motion to dismiss this proceeding is "unopposed" and asking the Court to grant its unopposed motion to dismiss.   Respondent cannot, however, have it both ways.   Respondent cannot threaten Petitioner's counsel with criminal prosecution for acting as an advocate in this case and at the same time request that the Court dismiss the case on the ground that Respondent's motion to dismiss is allegedly "unopposed."   Such conduct violates basic principles of fairness and prevents Petitioner's counsel from presenting Petitioner's opposition to this Court.   Moreover, this Court cannot resolve the merits of the pending dispute without providing all parties a right to be fully heard and affording all parties basic due process.

Accordingly, in light of Respondent's threats against Petitioner's counsel, Petitioner respectfully requests that the Court clarify the Minute Order to ensure that Petitioner has an opportunity for a full and fair hearing with respect to the pending dispute, by permitting Petitioner to engage new counsel if that is the only way in which Petitioner's position can be fully presented to this Court.

Dated:  July 16, 2010                    Respectfully submitted,


  /s/ Joseph S. Hall
Joseph S. Hall (D.C. Bar No. 475057)
KELLOG, HUBER, HANSEN, TODD,
EVANS & FIGEL P.L.L.C.
1615 M Street, N.W., Suite 400
Washington D.C. 20036
Telephone:  (202) 326-7900
Fax:  (202) 326-7999
jhall@khhte.com

Louis B. Kimmelman (admitted pro hac vice)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Fax: (212) 610-6399
benno.kimmelman@allenovery.com

Counsel for Petitioner
BELIZE SOCIAL DEVELOPMENT LIMITED

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 16, 2010, I caused to be filed electronically the

foregoing Reply in Support of Petitioner's Motion to Clarify the June 21, 2010 Minute Order to

Ensure a Fair Hearing with the Clerk of Court for the United States District Court for the District

of Columbia using the CM/ECF system and accomplished service via the same.

/s/ Joseph S. Hall
Joseph S. Hall